John R. BOCKAS, Petitioner,

v.

DEPARTMENT OF THE AIR FORCE, Respondent.

No. 00–3312.

United States Court of Appeals, Federal Circuit.

April 6, 2001.

Before MAYER, Chief Judge, LOURIE and CLEVENGER, Circuit Judges.

PER CURIAM.

John R. Bockas seeks review of the May 11, 2000, Arbitrator's Opinion and Award, Case No. FMCS 99–11814, affirming his demotion from the position of Aircraft Electrician Leader, WL 2892–10, to the position of Aircraft Electrician, WG 2892–8, by the United States Air Force ("Air Force" or "agency") for careless workmanship, negligence, and disregard of directives. We *reverse* and *remand.*

We review the arbitrator's award sustaining Bockas' removal under 5 U.S.C. § 7121(f) (1994), which provides that "section 7703 of this title pertaining to judicial review shall apply to the award of an

arbitrator in the same manner and under the same conditions as if the matter had been decided by the [Merit Systems Protection] Board." Our review is therefore limited to setting aside any action that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

The agency has the burden of proving its charges by a preponderance of the evidence. *See* 5 U.S.C. § 7701(c)(1)(B) (1994). First, we must consider whether the arbitrator's conclusion that the Air Force failed to prove the specific charges against Bockas by a preponderance of the evidence is supported by substantial evidence. *See Dixon v. Dep't. of Transportation,* 8 F.3d 798, 803 (Fed.Cir.1993). The Notice of Proposed Downgrade cited the offenses of "careless workmanship, negligence, and disregard of directives." When an agency uses general charging language, as the Air Force did here, we have held that the board, or in this case the arbitrator, must look to the specification to determine what conduct the agency is relying on as the basis for its proposed disciplinary action. *Lachance v. MSPB,* 147 F.3d 1367, 1371 (Fed.Cir.1998) (employee charged with "unacceptable and inappropriate behavior;" the board looked to the specification to determine true nature of the charge).

■ Here, the Air Force specifically alleged that "[Bockas'] negligence in failing to have both a second mechanic inspect [his] work, and to notify [his] supervisor of the need for follow-on-maintenance, was in disregard of directives." Bockas' testimony that he had a second mechanic review his work, the absence of the second mechanic's signature on the Cyber card, and the presence of a supervisor's signature

indicating that the second check had been provided were relied on to support the arbitrator's finding that the Air Force had failed to prove that Bockas failed to have another mechanic double check his work. The Air Force provided testimony by Roger Long, an aircraft electrician, that his crew assumed the need to perform a bore sight procedure when a radome is sent for outside maintenance and returned, but that there was no written procedure requiring its performance. Long also testified that he was on a different crew from Bockas and was not familiar with the practices of other crews. The Accident Investigation Board, however, concluded that the accident occurred because no one was actually responsible for generating a task document for a bore sight under the facts of this case. Substantial evidence supported the arbitrator's finding that the Air Force failed to prove by preponderant evidence that Bockas either failed to have a second mechanic check his work or that he acted in disregard of directives.

■ The Air Force also alleged that "[Bockas'] careless workmanship in the incorrect installation of the left AOA probe resulted in total destruction of an F-16 aircraft and could have caused the death of the pilot." The arbitrator considered the physical evidence that the left AOA probe had been improperly installed, discounted Bockas' contrary testimony that he had properly installed the AOA probe, and found Bockas' failure to properly install the probe to be careless. The Air Force's expert, Louis Hogge, testified that the crash would not have occurred if the left AOA had been properly seated into the mounting ring, notwithstanding the fact that the mounting ring itself was misaligned. The arbitrator rejected this testimony because it was the first mention of the assertion and the accident investigation report did not make any such state-

934

ment. Substantial evidence supported the arbitrator's finding that the Air Force had not proven by preponderant evidence that Bockas' carelessness had contributed to the crash.

 The arbitrator correctly concluded that "[n]one of [the] specific charges contained in paragraph 2.k * of the Notice of Proposed Downgrading have been shown to be true by a preponderance of the evidence." This should have ended the inquiry. He nevertheless went on to consider what he characterized as the single issue remaining: "whether the more general charges contained in paragraph one [of the Notice of Proposed Downgrade] constitute adequate notice to the Grievant of the charges against him." Paragraph one stated that Bockas was to be downgraded "for the offenses of careless workmanship, negligence, and disregard of directives." These are precisely the charges that the arbitrator found were not sustained based on the specific allegations found in paragraph 2.d of the specification. We have held that "[i]t is not permissible for the MSPB to split a single charge of an agency into several independent charges and then sustain one of the newly-formulated charges, which represents only a portion of the original charge." *Burroughs v. Dep't. of the Army,* 918 F.2d 170, 172 (Fed.Cir. 1990) (charge of directing the unauthorized use of government materials for other than official purposes required proof by preponderant evidence that action was both unauthorized and for other than official purposes). This principle is equally applicable to an arbitrator's award. If the agency fails to prove one of the elements of its charge, then the entire charge must fall. *Id.*

Here, the arbitrator properly looked to the specification to determine the meaning of "careless workmanship" in paragraph

one of the Notice of Proposed Downgrade, and found paragraph 2.d to provide the necessary clarification: "[Bockas'] careless workmanship in the incorrect installation of the left AOA probe resulted in total destruction of an F–16 aircraft and could have caused the death of the pilot." Having found the specific charge not to be sustained because the Air Force had failed to prove by preponderant evidence that Bockas' carelessness had contributed to the crash, it is legally erroneous for the arbitrator to effectively split the charge of careless workmanship resulting in the destruction of the aircraft into "careless workmanship" and "resulting in the destruction of the aircraft." He further erred in sustaining the separate charge of "careless workmanship" while recognizing that "the statement that the careless workmanship directly resulted in the destruction of an F–16 fighter plane cannot be sustained by the facts." Because the arbitrator did not act in accordance with law when he sustained the general charge of careless workmanship after finding the specific charges not supported by the facts, none of the charges against Bockas were proven. We therefore reverse the arbitrator's decision sustaining the downgrade of Bockas and remand with instructions to restore him to his former position with back pay and benefits.

* The charges referred to by the arbitrator are actually found at paragraph 2.d of the Notice of Proposed Downgrade. There is no paragraph 2.k.